Russell, et al. *vs.* Peirce.

RUSSELL, et al. *vs* PEIRCE.

1. The Supreme court has no jurisdiction of a case brought up by *writ of error*, for reversing an order of the Circuit court, exercising Chancery jurisdiction, dissolving an injunction,—and the proper mode of bringing up such a case, is by *appeal* from the order of dissolution.

2. The statute of January, eighteen hundred and thirty-six, is an enabling statute, and gives a remedy which was not before provided,—and a party desirous of availing himself of it, must pursue the directions of the statute.

Error to the Circuit court of Jefferson county, exercising Chancery jurisdiction.

Bill to restrain proceedings at law.

An injunction was ordered; which, on the coming in of the answer, was dissolved.

The chancellor dissolved the injunction, on the ground that the answer of David Peirce denied the allegations made in the bill, so far as to entitle him to proceed in his action at law; and because it was further shewn, that complainants had taken no steps to procure testimony, since the previous term of the court.

From this order, the plaintiffs took out their writ of error, returnable to this court.

Russell, et al. *vs.* Peirce.

And at the present term, the plaintiffs in error assigned for error—

That the chancellor erred in dissolving the injunction, and decreeing that the defendant in error be allowed to prosecute his action at law; for which reason, plaintiffs prayed said decree might be reversed, and said injunction reinstated, and the cause remanded for a final hearing in the court below, upon the equities of the case.

*E. W. Peck*, for the plaintiff in error.   But

*W. K. Baylor*, contra—moved a dismissal of the writ of error; and argued that an appeal was the only mode, by which the decision of a chancellor dissolving an injunction, could be corrected.

COLLIER, C. J.—The writ of error, in this case, is sued out to reverse an interlocutory order of the Circuit court of Jefferson, dissolving an injunction theretofore granted, at the instance of the plaintiffs.   The defendants counsel has moved its dismission upon the ground, that the case should have been brought up to the first term of this court succeeding the dissolution of the injunction.

There was no right of revision allowed in a case of this kind, previous to January, eighteen hundred and thirty-six—(6 Cranch's R. 51; Ala. R. 13, 101.)   By a statute then enacted, it was made "lawful for the complainant to take an appeal from such order of dissolution to the Supreme court; and whenever such appeal shall be taken to the Supreme court, from," &c. "it shall be heard and determined at the next term of the Supreme

Russell, et al. vs. Peirce.

court, in all cases whatsoever." Without pretending to determine whether a case like the present could only be determined at the term of the court to which it was returned, we think it clearly appears that the cause has not come here in such manner as to authorise us to entertain it. The act, we have shewn, is an enabling statute, and gives a remedy which was not before provided for the case; and if a party would avail himself of it, he must pursue the directions of the law. What is that remedy? Not that the complainant shall have a writ of error, but that he may "take an appeal." This mode of bringing the case here has not been adopted. The court has no jurisdiction of the cause as presented, and do therefore direct it to be dismissed.